BORKENHAGEN, Respondent, vs. VIANDEN, Appellant.

*April 13 — May 3, 1892.*

*Deed : Boundaries : Conflict between monuments and distances : "Right"*
*bank of river.*

1. A deed purporting to convey "4.175 acres of land, more or less," de-
   scribed the land as commencing at a given point on a certain section
   line, running thence west 14.89 chains to the east bank of a river;
   thence southwesterly along the bank of the river to a stake; thence
   east 17.755 chains to the section line; thence north 2.75 chains to the
   place of beginning. In order to include 4.175 acres and to make
   the east and west lines of the length stated, it would be necessary
   to take in some land west of the river. *Held,* that the river as the
   western boundary of the land controlled the distances and area
   specified in the deed, and that the grantee took only to the east
   bank.
2. *It seems* that the "right bank" of a river is the bank lying to the
   right of an object passing down stream.

APPEAL from the Circuit Court for *Milwaukee* County.

In 1858 the defendant, *Henry Vianden,* sold and con-
veyed to one Franke a parcel of land (being part of a larger
tract owned, and the balance of it still owned, by him) in
section 12, township 6 N., range 21 E., in Milwaukee
county, bounded as follows: Commencing 17½ chains north
of the southeast corner of section 12, running thence west
14 chains 89 links "to the right bank of the Kinnickinnic
river; thence along the bank of said river in a southwest-
erly direction to a stake," etc.; thence east 17 chains 75½
links to the section line; and thence north 2 chains 75
links, to the place of beginning; "containing 4.175 acres of
land."

Afterwards Franke conveyed a parcel of land to one
Green by the same description, except that instead of speci-
fying the *right* bank of the river as the terminus of the
north line of the tract, it specifies the *east* bank of the river

as such terminus. It also specifies "4.175 acres of land, *more or less*," as the quantity thereby conveyed.

Green devised the land thus conveyed to him, and died. In 1886 such devisee conveyed the land to plaintiff by the same description and boundaries contained in the conveyance by Franke to Green. If the north and south boundary lines in these conveyances be extended the specified length thereof from the section line west, they will cross Kinnickinnic river, and extend a short distance beyond, and the tract included within such boundary lines will contain 4.195 acres.

This action is to recover the strip of land between the east bank of the river and a line drawn from the west terminus of the north line of the tract southwesterly to the west terminus of the south line thereof,— such termini being fixed by thus extending the north and south lines to the specified length. The land claimed includes the bed of the river, and contains about one third of an acre. The defendant was in the exclusive adverse possession thereof when the action was brought.

It is deemed unnecessary to make any extended statement of the testimony or the instructions to the jury. Sufficient reference to these will be found in the opinion. The jury found for plaintiff. A motion by defendant for a new trial was denied, and judgment entered for plaintiff, pursuant to the verdict, for the recovery of the land claimed. The defendant appeals from the judgment.

For the appellant there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*.

For the respondent there was a brief by *Rogers & Mann*, attorneys, and *George E. Sutherland*, counsel, and oral argument by *Mr. Sutherland*.

LYON, C. J. The case was tried throughout on the theory that Franke conveyed to Green, and the devisee of Green

to the plaintiff, the same land which the defendant, *Vianden*, conveyed to Franke. The jury were instructed, in substance, that if the lines, courses, distances, and area of the property conveyed, as specified in such deed, were all inconsistent with the boundary of the tract by the right bank of the Kinnickinnic river, the latter boundary or "call" in the conveyance must be disregarded. A great mass of testimony was introduced to show such inconsistency, and the jury must have found that it existed, for they disregarded the bank of the river as the westerly line of the land conveyed, and established such line at a point west of the west bank thereof. The instruction is erroneous.

In the conveyance by *Vianden* to Franke one bank or the other of the Kinnickinnic river is the western boundary of the land conveyed, just as certainly as the section line is the east boundary thereof, and controls the distances and area specified in the deed. This is elementary law. The only question which can be raised under that conveyance as to the extent and location of the land conveyed is whether the right bank of the river is the east or west bank thereof. The river flows from southwest to northeast. We have little doubt that the east bank — or the bank lying to the right of an object passing down stream — is the right bank of the stream. But, however that may be, the conveyances by Franke to Green, and by the devisee of Green to plaintiff, remove that possible ambiguity, and make the east bank of the river the western boundary of the land conveyed. Those conveyances also show conclusively that the quantity of land specified therein was not intended to be controlling, for to the specification of such quantity the formula "more or less" is added in each conveyance, which shows it to be a mere estimate, and by necessary inference subordinates quantity to fixed calls or monuments. Hence, whatever may be the proper construction of the conveyance

by *Vianden* to Franke, it is certain that the plaintiff owns only to the east bank of the river. She can only recover that to which she has title. The verdict and judgment should have been for defendant. The verdict being for plaintiff, the motion for a new trial should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.