·Lind, Respondent, vs. Hustad, Appellant.

*September 15—October 3, 1911.*

*Boundaries: Relocating lost or obliterated corners: Evidence: Trespass.*

1. Bottom land, a spring brook, and a creek, referred to in the field-notes of the original government survey, are "permanent objects" within the meaning of sec. 27 of the Rules of the General Land Office, relating to the restoration of lost or obliterated corners.

2. Where three calls of the field-notes for permanent natural objects unite in the relocation of a section corner it cannot be called a lost corner, but should be relocated in accordance with such calls.

3. Where such relocation of the corner establishes the boundary line between the parties, evidence of reputation and acquiescence is incompetent to establish the line in a different place.

4. An action of trespass will lie against one who cut and removed a fence built by plaintiff and entered upon land inclosed thereby.

Appeal from a judgment of the circuit court for Barron county: Frank A. Ross, Circuit Judge. *Affirmed.*

Action for trespass. At the beginning of the trial the following stipulation was entered into:

"It is stipulated that the defendant *Sever Hustad,* at the time alleged in the complaint, cut and removed the fence in question, and entered upon a strip of land inclosed thereby and about two rods in width, and that the defendant claims the said fence and strip of land were a part of the northwest quarter of the northeast quarter of section 13, town 35, range 13, and the plaintiff claims that the same was a part of the lands described in the complaint, that is the southeast quarter of the southeast quarter of section 12, township 35, range 13; that the respective claims of the parties depend solely upon the true location of the southeast corner of section 12, town 35 north, of range 13, and if the corner is as claimed by the plaintiff and his surveyors, then the fence and the strip of land was a part of the southeast quarter of said section 12, town 35, range 13 west. It is understood that:

the plaintiff claims said corner to be at a point about five rods south and eight rods west of the place defendant claims true corner to be.    It is further stipulated that the plaintiff was at all times mentioned in the complaint and is now the owner of the east half of the southeast quarter of section 12, town 35 north, range 13, and that the defendant was at all times mentioned in the complaint and is now the owner of the west half of the northeast quarter of section 13, township 35, range 13."

It was further stipulated that, if plaintiff was entitled to recover, his damages were $2.50.

The jury found that the southeast corner of section 12 was at the point claimed by plaintiff, and from a judgment entered in his favor the defendant appealed.

For the appellant the cause was submitted on the brief of *C. C. & A. E. Coe.*

For the respondent there was a brief by *Kennedy & Yates,* and oral argument by *W. T. Kennedy.*

VINJE, J.    By a reference to the statement of facts and the accompanying map it will be seen that the only dispute between the parties was as to the true location of the southeast corner of section 12.    No stake, bearing trees, pit, mound, stone, or other monument marked the corner.    The defendant claimed it was a lost corner and should be relocated by proportionate measurements from known corners, while plaintiff claimed it was only obliterated and could, and should, be relocated from the minutes of the original government field-notes.    They contained the following calls:

Township No. 35 between Ranges 12 & 13 west.

Chain North between sec. 7 & 12 var. 8° 39 East.

2.90 Enter bottom bears East.

3.80 Spring brook 10 links wide runs East.

7.65 Creek 20 links wide runs S. E.

Sec. 27 of the Rules of the General Land Office relating to the restoration of lost or obliterated corners provides:

"The identification of mounds, pits, buried memorials, witness trees, or other permanent objects noted in the field-notes

of the survey, affords the best means of relocating the missing
corner in its original position.    If this cannot be done, clear
and convincing testimony of witnesses as to the place it origi-
nally occupied should be taken, if such can be obtained.    In
any event whether the locus of the corner be fixed by the one
means or the other, such locus should always be tested and
confirmed by measurements to known corners."

Appellant claims that the calls relating to "bottom,"
"spring brook," and "creek" do not come within the phrase
"or other permanent objects noted in the field-notes of the
survey." We are unable to concur in such claim. Each
must be classed as a permanent object within the meaning
of the section quoted. True, creeks sometimes quite ma-
terially change their course owing to avulsion or erosion, or
both. But such changes are the exception, not the rule.

There was no evidence in this case to show any change in either the spring brook or the creek. It is apparent that the bottom land could not have materially changed its location. That there has been no change in any of the three calls is made certain by the fact that the survey of Mitchell shows that each call of the field-notes was answered by the present location of these natural objects.

It was decided as early as *Martin v. Carlin,* 19 Wis. 454, that a call for a natural object, such as a river, will control courses, distances, and quantity, and it was therein explained why the rule was not applied to that particular case. "A river, a known stream, a spring, or a marked tree will control as to courses, distances, and quantities." *Gove v. White,* 20 Wis. 425, 432. This rule was reiterated in *Borkenhagen v. Vianden,* 82 Wis. 206, 52 N. W. 260. We have, then, a case where three calls of the field-notes for permanent natural objects unite in the relocation of the section corner. Such a corner cannot be called a lost corner. *Pickett v. Nelson,* 79 Wis. 9, 47 N. W. 936.

The map shows that the testimony of plaintiff's surveyor, Mitchell, to the effect that practically no other line than that claimed by plaintiff would meet the calls of the field-notes, is true. The line claimed by defendant would not cross the spring brook at all, while it would cross the creek three times instead of once only as called for by the field-notes. The plaintiff relocated the corner by competent evidence.

Several errors are assigned because the court rejected evidence offered by the defendant. Such evidence related to the location of the corner by reputation, by alleged acquiescence of parties, or by the construction of fences. This court has said: "It is not competent to make a boundary line by parol except when the same is in doubt and unknown." *Hartung v. Witte,* 59 Wis. 285, 299, 18 N. W. 175. And in *Pickett v. Nelson,* 79 Wis. 9, 12, 47 N. W. 936, it is stated:

"It will not do to say that the line was unknown and uncertain because some of the original monuments, placed by the

government surveyors in the first instance to mark the corners, were missing, or could not be identified. If the field-notes of the original surveys afforded means for ascertaining the true location of the boundary line, that was sufficient."

Here no impeachment of the correctness of Mitchell's survey was made. That being so, evidence of reputation and acquiescence was incompetent to establish the line in a different place than that called for by the field-notes, and its exclusion by the court was not error.

A claim is also made that an action of trespass will not lie. The stipulations of the parties set out in the statement of facts dispose of the question adversely to the defendant.

*By the Court.*—Judgment affirmed.

BARNES, J., took no part.